| STATE OF INDIANA | ) | IN THE DEKALB SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF DEKALB | ) | CAUSE NO. _____ |

ANTHONY D. MISER,　　　　)
　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　)
FLAGSTAR BANK, FSB,　　　　)
　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　)

## COMPLAINT

Plaintiff, by counsel, alleges against Defendant that:

1. The plaintiff is Anthony D. Miser ("Plaintiff"), a qualified resident of Auburn, Dekalb County, Indiana.

2. Plaintiff contends that he was discriminated against and retaliated against on the basis of his disability/perceived disability, in violation of his federally protected rights under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA").

3. The Defendant Flagstar Bank, FSB, a company doing business with a throughout Indiana, and with a branch address of 200 South Van Buren Street, Auburn, Indiana, Dekalb County, and with a registered agent address of Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.

4. At all times material to this Charge, Plaintiff performed within the reasonable expectations of his employer, as a Branch Manager, having been employed there when the branch was with Wells Fargo in 2010 until he was terminated by Flagstar Bank, the successor in interest, on May 13, 2019.

5. On or about August 13, 2019, Plaintiff filed Charge of Discrimination 470-2019-03932 with the Equal Employment Opportunity Commission ("EEOC"), a copy of which is attached hereto and made a part hereof as Exhibit A. The EEOC issued a Dismissal and Notice of Rights/Notice of Suit Rights on September 12, 2019, a copy of which was received by counsel on September 16, 2019, and which is attached hereto and made a part hereof as Exhibit B. This Complaint has been filed within 90 days after receipt.

6. Plaintiff has been employed by Defendant since it acquired the Wells Fargo branch where he served as Branch Manager, in December 2018. Plaintiff had previously worked in the same branch as Branch Manager with the predecessor in interest, since 2010.

7. In 2016 the Plaintiff suffered a work injury and a broken knee. Wells Fargo Bank, who was Defendant's predecessor in interest, worked with Plaintiff to accommodate his physical restrictions, which included restrictions to stay off his feet, avoid stairs, and also included frequent headaches, pain in his leg, trouble with his right eye and excessive tiredness – requiring rest breaks due to his medication and condition.

8. Upon information and belief Flagstar was provided with the Plaintiff's full employee file upon their acquisition of the branch, and was well aware of his work restrictions and the accommodations made for those restrictions.

9. On or about February 13, 2019 at a corporate dinner, the CEO bragged about "only having the right people on the bus" and that "he clashed with HR about that but hadn't been sued for it yet!" When Plaintiff didn't stand and applaud repeatedly due to his leg pain, the district manager, "Handshoe" pointed it out as being disrespectful.

2

10. Nevertheless, on or about February 23, 2019 Plaintiff is informed he is getting a merit increase, so he did not anticipate any problem from the issue at dinner.

11. On or about March 12, 2019 the Plaintiff was approached by his new district manager, Stephanie Coppolino, and told he needed to lose weight to "feel better". She also questioned his using "comp time" though the previous manager had approved it. The manager also tried to advise the Plaintiff not to appear for jury duty though he had a summons to do so.

12. On or about March 19, 2019, the manager Coppolino ordered the Plaintiff to move his office, which had previously been part of an accommodation due to his need to take breaks and rest his foot, because she had learned he had slept on one of his breaks. When Plaintiff explained why he had been given the office as an accommodation, the manager indicated "she did not care" and packed up and left.

13. On or about March 15, 2019, after several days of severe pain, the Plaintiff notified his manager that he was going to take a sick day on the 15th, both via text and email, in order to take care of his issues with his foot.

14. Flagstar ceased to accommodate the Plaintiff by continuing his prior accommodations or to enter into an interactive process with respect to those restrictions.

15. In April 2019, the Plaintiff had to go to the Emergency Room for treatment of his ongoing symptoms, and took a sick day to do so, for which he had paid-time-off accrued.

16. On or about May, 2019, Coppolino arrived at the branch, and held a meeting with an HR representative on the phone. During this meeting there were several issues brought up with regard to Coppolino questioning every aspect of the Plaintiff's job and job

3

performance. At the end of the call, even though HR had asked if Plaintiff wanted to engage in the interactive process, Coppolino said "no".

17. Immediately after Coppolino left the meeting, the HR representative, Majewski called the Plaintiff and alleged he had called the manager names such as "bitch" and "cunt", but could provide no witness to this and the Plaintiff adamantly denied the allegation.

18. On or about May 13, 2019, Plaintiff was informed he was being terminated on the basis of performance/professionalism, and when he asked why, he was simply told "the overall situation".

19. Throughout his employment with them, Flagstar continued to refuse to accommodate the Plaintiff's restrictions or to engage in an interactive process for reasonable accommodation.

20. Plaintiff had not had write-ups, disciplinary actions or performance issues in the history of his employment with Wells Fargo, the predecessor in interest to Flagstar, and had no write-ups, warnings, final notices, disciplinary actions, work improvement plans or anything else showing the Plaintiff needed any sort of corrective action.

21. Defendant's actions are discriminatory and retaliatory and based upon the Plaintiff's disability/perceived disability, in violation of his federally protected rights under the ADA. As a result of the discriminatory and retaliatory behaviors, Plaintiff has suffered embarrassment, emotional distress, and other damages and injuries. Plaintiff is entitled to seek compensatory damages.

22. Furthermore, Defendant's discriminatory and retaliatory behaviors were intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights, warranting an imposition of punitive damages.

23. Plaintiff alleges that he was intentionally fired by Defendant out of retaliation for being previously injured on the job and for having accommodations under the predecessor in interest, Wells Fargo, with which Flagstar was in disagreement. Defendant's termination of the Plaintiff violated the tort laws and public policies of the State of Indiana, and Plaintiff is entitled to compensatory and punitive damages.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for lost wages, front pay, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Indiana Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-00712
E-mail: cmyers@myers-law.com
Attorney for Plaintiff

17D02-1912-CT-000054
Filed: 12/11/2019 10:32 A
DeKalb Superior Court 2
DeKalb County, Indiana
USDC IN/ND case 1:20-cv-00017-HAB-SLC document 5 filed 12/11/19 page 6 of 8
AUG/13/2019/TUE 04:05 PM    FAX No.    P. 004/005

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 470-2019-03952 |

Equal Employment Opportunity Commission and BEOC
_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Anthony D. Miser | (260) 908-3619 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 3141 CR 427 | Waterloo, IN 46793 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Flagstar Bank | 500+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| 200 South Van Buren Street, Auburn, IN 46706 | 5151 Corporate Drive, Troy, MI 48098 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION Retaliatory Discharge ☐ AGE ☒ DISABILITY ADA ☐ GENETIC INFORMATION
☐ OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02/2019  Latest: 05/13/2019

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. Complainant Anthony D. Miser alleges that he was discriminated against and discharged on account of his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 et seq. ("ADA"), as amended. Complainant is an extremely heavy individual and had broken his leg and tore his ACL and meniscus, substantially impairing his everyday life activities of standing, walking, locomotion, and other everyday life activities. Respondent Flagstar Bank took away all of the reasonable accommodations previously provided by its predecessor in interest, Wells Fargo. Complainant worked as the Branch Manager at Wells Fargo/Flagstar Bank from about 2010 to May, 2019. The District Manager told Complainant in March, 2019 that he needed to lose weight. When new management took over the bank in December, 2018, everything changed and the reasonable accommodations previously provided to him began to be taken away. Without any interactive process whatsoever, Respondent began to discipline Complainant and look disfavorably upon Complainant because of his weight and because of his restrictions. Complainant shared with management that he was having pain in his leg, headaches, his inability to walk, and his inability to stand for long periods of time. In March, 2019, management met with Complainant about his disabilities/impairments and criticized him because of his weight. In April, 2019, Complainant's disabilities/impairments became worse and he went to the ER for treatment and he took a sick day. There was another day when he became so tired that he had to "crash" and regroup. Complainant was previously allowed to "rest" when he became so tired from his impairment/disabilities as a reasonable accommodation. Respondent took away the accommodation of Complainant being able to take rests and sleep on his breaks. Instead of interacting with the Complainant, Respondent decided not to engage in the interactive process, decided to take away Complainant's reasonable accommodations, and then terminated Complainant out of retaliation for Complainant trying to engage in the interactive process in trying to work with the Respondent in getting reasonable accommodations. Complainant received his employment file which did not contain any write-ups, warnings, final notices, or anything else showing that Complainant needed coaching or corrective action. Ultimately Complainant was provided his unemployment compensation benefits and the IDWD ruled that Complainant was terminated without just cause. Complainant seeks compensatory damages for back pay, front pay,

Ex. A

4'10'2014-03932

emotional distress, mental anguish, humiliation, embarrassment, financial distress, and other similar damages and injuries. Respondent acted intentionally and in reckless disregard of Complainant's federally protected civil rights warranting an imposition of punitive damages.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| 8-13-19 [signature] Date  Charging Party Signature | SIGNATURE OF COMPLAINANT [signature] SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 08-13-2019 |

LORI KAY KOLB
Seal
Notary Public - State of Indiana
Allen County
My Commission Expires Dec 20, 2024

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Anthony Miser<br>3141 CR 427<br>Waterloo, IN 46793 | From: | Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2019-03932 | Marc A. Fishback,<br>Enforcement Supervisor | (463) 999-1179 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Michelle Eisele,
District Director

**SEP 1 2 2019**
*(Date Mailed)*

Enclosures(s)

cc:
| Patrice Baker<br>Flagstar Bank<br>5151 Corporate Drive<br>Troy, MI 48098 | Christopher C. Myers<br>CHRISTOPHER C. MYERS & ASSOCIATES<br>809 S. Calhoun St. #400<br>Ft. Wayne, IN 46802 |
|---|---|

Ex. B